UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 07- **07-00964** |
| Plaintiff, ) | **I N F O R M A T I O N** |
| v. ) | [18 U.S.C. § 371: Conspiracy] |
| WILLIAM S. LERACH, ) | |
| Defendant. ) | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 371]

[Conspiracy]

1.  Beginning on a date unknown but at least as early as in or about 1981, and continuing into at least in or about 2002, within the Central District of California and elsewhere, defendant WILLIAM S. LERACH, together with the law firm Milberg Weiss Bershad Hynes & Lerach LLP (formerly known as "Milberg Weiss Bershad Spechthrie & Lerach") ("Milberg Weiss"); David J. Bershad ("Bershad"); other partners in Milberg Weiss; and others known and unknown to the United States Attorney, knowingly combined, conspired, and agreed to commit the following offenses

DAA:RER:RJM

against the United States:

    (a) to commit obstruction of justice by corruptly influencing, obstructing, and impeding, and endeavoring to influence, obstruct, and impede, the due administration of justice in lawsuits filed and litigated in federal courts, in violation of Title 18, United States Code, Section 1503; and

    (b) to make false material declarations under oath in proceedings before and ancillary to courts of the United States, in connection with lawsuits filed and litigated in federal courts, in violation of Title 18, United States Code, Section 1623(a).

    2. In furtherance of the conspiracy and to accomplish its objects, defendant LERACH and other co-conspirators committed and caused others to commit the following overt acts, among others:

    (a) On or about November 6, 1996, in <u>Steven Cooperman v. Individual, Inc. et al.</u>, 96-CV-12272 (United States District Court, District of Massachusetts), in which Steven Cooperman was a named plaintiff, Cooperman falsely certified, under penalty of perjury, that he would "not accept any payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court."

    (b) On or about December 13, 1999, in <u>Helene Giarputo and Seymour Lazar v. Xerox Corp. et al.</u>, 99-CV-2374 (United States District Court, District of Connecticut), in which Seymour Lazar was a named plaintiff, Lazar falsely certified, under penalty of perjury, that he would "not accept any payment for

serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court."

SALLY L. MELOCH
Acting United States Attorney

*/s/ Daniel A. Goodman, Deputy Chief, Criminal Division, FOR:*

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

DOUGLAS A. AXEL
Assistant United States Attorney
Deputy Chief, Major Frauds Section

RICHARD E. ROBINSON
ROBERT J. McGAHAN
Assistant United States Attorneys
Major Frauds Section