Michael L. Lipman (State Bar No. 66605)
Barbara Howe Murray (State Bar No. 177254)
**COUGHLAN, SEMMER & LIPMAN, LLP**
501 West Broadway, Suite 400
San Diego, CA 92101
(619) 232-0800
(619) 232-0107 (Fax)
Email: lipman@csllaw.com
       bmurray@csllaw.com

Attorneys for WILLIAM LERACH

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM S. LERACH, <br><br> Defendant. | CASE NO. CR 07-00964-JFW <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WILLIAM S. LERACH'S MOTION FOR ORDER PERMITTING COMMUNITY SERVICE AT UNIVERSITY OF CALIFORNIA IRVINE LAW SCHOOL** <br><br> Date: August 9, 2010 <br> Time: 9:00 a.m. <br> Court: Honorable John F. Walter |

Defendant William S. Lerach, by and through his counsel, Coughlan, Semmer & Lipman, LLP, respectfully submits the following Memorandum of Points and Authorities in Support of his Motion for Order Permitting Community Service at University of California Irvine Law School.

**I.    INTRODUCTION**

Consistent with a promise that he made at the time of his sentencing, Mr. Lerach would like to teach at the University of California Irvine Law School as part of his 1000 hours of community service. Mr. Lerach respectfully requests that the Court approve this proposed community service. Not only would Mr. Lerach's volunteer work promote respect for the law and provide adequate deterrence to criminal conduct, but his work

- 1 -    CR 07-00964
Memorandum of Points and Authorities in Support of
William Lerach's Motion for Order Permitting Community Service at UCI Law School

1 would benefit this public university and the community at large by producing better
2 trained, more ethical lawyers.  U.S. Probation for the Southern District of California
3 denied this request because although UCI Law School is a non-profit institution,
4 Probation does not view UCI Law School to be a "charitable not for profit."  The U.S.
5 Attorney's Office has not taken a final position on the proposed community service.

6 **II.   ARGUMENT**

7       On October 29, 2007, Mr. Lerach entered a plea of guilty to one count of
8 conspiracy in violation of 18 U.S.C. §371.  On February 11, 2008, this Court sentenced
9 Mr. Lerach to 24 months in custody, a two year term of supervised release, 1000 hours of
10 community service, a $250,000 fine and a $100 special assessment.  Mr. Lerach has
11 completed his term of imprisonment and four months of supervised release, performed
12 over 600 hours of community service, and paid the fine and special assessment.  In
13 addition, he has paid a $7,750,000 forfeiture pursuant to his Plea Agreement.  Probation
14 Officer Dawna Deatrick from the Southern District of California has been assigned to
15 supervise Mr. Lerach (following an initial assignment to Probation Officer David
16 Dilbeck).

17       As of June 30, 2010, Mr. Lerach has performed over 600 hours of community
18 service for three entities:  Elite Service Disabled Veteran Owned Business Network (a
19 non-profit organization which attempts to help rehabilitate veterans suffering from
20 physical or emotional disabilities by helping them start businesses or find employment),
21 Southern California German Shepherd Rescue (a non-profit 501(c)(3) organization which
22 rescues, provides care for and re-homes German Shepherds and other breeds) and the La
23 Jolla Historical Society (a non-profit 501(c)(3) organization dedicated to the discovery,
24 collection and preservation of La Jolla's heritage).

25       Despite this community service, Mr. Lerach is eager to perform the very
26 community service which he referenced during his sentencing.  Specifically, Mr. Lerach
27 stated in his letter to the Court at his sentencing as follows:
28 ///

- 2 -   CR 07-00964
Memorandum of Points and Authorities in Support of
William Lerach's Motion for Order Permitting Community Service at UCI Law School

> I am prepared to accept whatever punishment the Court decides is appropriate and hope that, upon my release, I can be of positive service to my community by teaching and writing, and be in a position to help caution other lawyers - however ambitious, creative and smart they may be - to not destroy their careers by making the kind of mistake I did.

(Letter dated February 7, 2008 from William Lerach to the Honorable John F. Walter [See Exh. A])[1]  During sentencing, the Court cited this statement by Mr. Lerach as evidence that Mr. Lerach had demonstrated remorse.  (Partial transcript of Mr. Lerach's sentencing on 2/11/08, page 80:12-19 [See Exh. A])[2]  More than two years after his sentencing, and after completion of his term of imprisonment, Mr. Lerach still wants to help the community in this manner.

Specifically, Mr. Lerach would like to teach at the University of California Irvine Law School, a public university and non-profit institution.  Dean Erwin Chemerinsky has asked Mr. Lerach to design a course on the "Regulation of Free Market Capitalism – Are We Failing," which Mr. Lerach would teach beginning in January 2011. The creation of this course will be an extensive undertaking requiring substantial research and other work activities to create the course syllabus and the outlines for the individual course lectures. The course would focus on the financial markets and public corporations, but would also touch on related regulatory failures in the anti-trust, consumer, and labor areas. The course would combine economic and political history, with legislative action and judicial decisions. Finally, the course would include a strong ethical component.  Mr. Lerach would talk about the mistakes that he made and would counsel students on the temptations and difficult decisions they will face in the legal and financial worlds.  Mr. Lerach would caution the students to practice law ethically and within the strictures of the law, and he would counsel them on the steps they might take to avoid his fate.  This

---

[1] Exhibit A filed herewith is the Government's Opposition to Mr. Lerach's Motion for Order Permitting Travel to Europe filed 7/11/10 ("Govt Oppo re Travel").  The 2/7/08 letter from Mr. Lerach to Judge John F. Walter is Exhibit 1 to the Govt Oppo re Travel.

[2] The partial transcript is Exhibit 2 to the Govt Oppo re Travel.

- 3 -   CR 07-00964
Memorandum of Points and Authorities in Support of
William Lerach's Motion for Order Permitting Community Service at UCI Law School

1  ethical component would promote respect for the law and provide adequate deterrence to
2  criminal conduct, factors to be considered in imposing a sentence under 18 U.S.C.
3  §3553(a)(2)(A) and (B).

4      Mr. Lerach's work at UCI Irvine Law School would be performed without
5  compensation[3] and he would absorb all out-of-pocket expenses.  Mr. Lerach's volunteer
6  efforts would benefit this public university and the community at large by producing
7  better trained, more ethical lawyers.[4]

8      In early February 2010, Mr. Lerach began communicating with Dean Chemerinsky
9  about his interest in providing community service at UCI Law School.  Thereafter, on
10 March 4, 2010, Mr. Lerach provided a letter to Probation Officer David Dilbeck in which
11 he provided details regarding the proposed community service.  The following month,
12 Mr. Dilbeck informed Mr. Lerach that the proposed community service was denied by
13 Probation.  Mr. Dilbeck indicated that he had spoken with Assistant U.S. Attorney
14 Richard Robinson about this proposal, and that AUSA Robinson had said that it was not a
15 good idea to approve this community service.  After Probation Officer Dawna Deatrick
16 was assigned to supervise Mr. Lerach, she confirmed that Mr. Lerach's proposed
17 community service at UCI Law School had been denied by U.S. Probation in the
18 Southern District, but added that she would defer to whatever the Court decides on this
19 matter.

20     On April 14, 2010, counsel spoke with AUSA Robinson about Mr. Lerach's
21 proposed community service at UCI Law School.  AUSA Robinson could only recall very

---

[3] The Regents of the University of California will be paying a $3,000 stipend to Mr. Lerach for his work.  However, Mr. Lerach has agreed to donate this stipend back to the UCI Foundation.

[4] In an effort to expand the reach of Mr. Lerach's community service, the lectures could be taped and made available to the public by being placed on a website like YouTube.  In addition, the course materials that Mr. Lerach gathers while creating this course could be made available to other law professors throughout the United States for use in teaching similar courses, thus enlarging the public benefit involved.

- 4 -    CR 07-00964
Memorandum of Points and Authorities in Support of
William Lerach's Motion for Order Permitting Community Service at UCI Law School

general discussions with Mr. Dilbeck about the proposed community service. AUSA Robinson requested information on the proposed community service. (Declaration of Michael L. Lipman, ¶3.)

On April 27, 2010, counsel provided written details about Mr. Lerach's proposed community service at UCI Law School to AUSA Robinson. (Letter dated April 27, 2010 from Michael Lipman to AUSA Richard Robinson, Exh. B.) Counsel invited AUSA Robinson to contact UCI Law School Dean Erwin Chermerinsky about Mr. Lerach's proposal. Thereafter, on May 14, 2010, after receiving no response from AUSA Robinson to the letter or subsequent telephone messages, counsel sent a second letter to AUSA Robinson requesting that Mr. Robinson contact counsel to inform him of his position on Mr. Lerach's proposal. AUSA Robinson did not do so. (Declaration of Michael L. Lipman, ¶4.) Counsel hoped to learn the government's position before filing a motion with the Court.

Interestingly, in opposing Mr. Lerach's earlier request to travel to Europe, Assistant U.S. Attorney Richard Robinson urged the Court and Probation to take into consideration Mr. Lerach's "declared intention to perform community service that would use his own downfall as a cautionary tale for others" when assessing a suitable community service program for Mr. Lerach. (Government's Opposition to Lerach's Motion for Order Permitting Travel to Europe, page 2:24-28, Exh. A.) The proposed community service at UCI Law School is consistent with Mr. Lerach's declared intention. Moreover, as stated above, the proposed community service promotes respect for the law and affords adequate deterrence to criminal conduct, two factors which courts should consider in imposing a sentence under §3553(a).

Before filing this motion, counsel spoke with Probation Officer Deatrick in an effort to learn why Probation had denied Mr. Lerach's proposed community service. Ms. Deatrick explained that the District Court for the Southern District of California has guidelines for community service which state that the community service should be for a non-profit entity such as a church, a soup kitchen or Goodwill. (Declaration of Barbara

- 5 -   CR 07-00964
Memorandum of Points and Authorities in Support of
William Lerach's Motion for Order Permitting Community Service at UCI Law School

1  Murray, ¶3.) Subsequently, Ms. Deatrick explained that Probation's opposition stems
2  from the fact that although UCI Law School is a non-profit institution, it is not a
3  "charitable non-profit." Ms. Deatrick explained Probation's opposition as follows:

> The University does not fall into the category of a charitable not for profit. Their identification is for tax-purposes. They are not similar to those examples I provided you ... a soup kitchen, goodwill or a church, which are charitable nonprofits. Students attending the University pay tuition for their classes, Mr. Lerach teaching a class benefits the University regents as they are not paying a salary they would normally have to pay...but his work is not benefitting a charitable source. Unless you can provide documentation that students taking his course are doing so for free or significantly discounted then I cannot find the charitable cause.

10  (Exh. C.) Ms. Deatrick concluded by saying "I continue to believe this is a matter best
11  decided by the sentencing court." (Exh. C.)
12      As discussed above, Mr. Lerach plans to donate the $3,000 stipend that the
13  University Regents will pay him for his work back to the UCI Foundation. Thus, the
14  Regents are not paying a salary they would normally have to pay. Moreover, the fact that
15  students pay tuition to attend UCI Law School, and hence would be paying to attend Mr.
16  Lerach's proposed course, does not negate the benefit that Mr. Lerach would be providing
17  to this non-profit public institution, its students and the community at large. Donations to
18  UCI Law School, like donations to other non-profit entities such as churches, soup
19  kitchens or Goodwill, are deductible as charitable donations. Finally, the proposed
20  community service at UCI Law School, which will serve as a cautionary tale to other
21  lawyers, is the very community service that the government urged Probation and the
22  Court to take into consideration when assessing appropriate community service for Mr.
23  Lerach.
24  ///
25  ///
26  ///
27  ///
28  ///

- 6 -   CR 07-00964
Memorandum of Points and Authorities in Support of
William Lerach's Motion for Order Permitting Community Service at UCI Law School

## III. CONCLUSION

For the reasons set forth above, Mr. Lerach respectfully requests that the Court enter an order permitting him to perform community service at the University of California Irvine Law School.

DATED: July 19, 2010

Respectfully submitted,

**COUGHLAN, SEMMER & LIPMAN, LLP**

By  *s/Michael L. Lipman*
Michael L. Lipman
Barbara Howe Murray
Attorneys for William Lerach

@PFDesktop\::ODMA/PCDOCS/CSL/75046/1

- 7 -   CR 07-00964
Memorandum of Points and Authorities in Support of
William Lerach's Motion for Order Permitting Community Service at UCI Law School